The PEOPLE of the State of
Colorado, Complainant,

v.

James William ROBNETT,
Attorney-Respondent.

No. 87SA88.

Supreme Court of Colorado,
En Banc.

May 26, 1987.

Linda S. Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Gary M. Jackson, Denver, for attorney-respondent.

VOLLACK, Justice.

James William Robnett, you appear before this court to receive a public censure for professional misconduct. On February 7, 1987, the Supreme Court Grievance Committee accepted a Stipulation, Agreement, and Conditional Admission of Misconduct entered into by the deputy disciplinary prosecutor and your attorney, Gary M. Jackson, and you, individually, concerning the violation of the following disciplinary rules of the Code of Professional Responsibility: DR1–102(A)(1) (a lawyer shall not violate a disciplinary rule); DR9–102(B)(3) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them); and DR9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

The Grievance Committee, having accepted the Stipulation, Agreement, and Conditional Admission of Misconduct, recommends that you receive a public censure for your conduct in this matter, that you be assessed the costs of the proceedings, and further that you be ordered to make restitution in the amount of $4,587.50 to Oneita C. Fisher.

We therefore accept the recommendations of the Supreme Court Grievance Committee and now impose a public censure.

We summarize the facts principally derived from the Stipulation, Agreement, and Conditional Admission of Misconduct entered into by you.

You were admitted to the bar of this court on May 17, 1977, and are registered as an attorney upon the official records of this court, registration number 7915. You are subject to the disciplinary jurisdiction of this court pursuant to C.R.C.P. 241.1(b).

The misconduct giving rise to this grievance proceeding occurred over a period of time commencing in 1977 and continuing until November of 1984. In 1977, you drew up a trust agreement for a client, Oneita C. Fisher, to create a revocable trust entitled "the Fisher Trust," for the education of her children. The trust was funded with $30,000; $20,981.98 was from Ms. Fisher's savings account at Cherry Creek National Bank; the remaining $9,018.02 was provided to you by a cashier's check. You sent Ms. Fisher an accounting by letter dated January 24, 1978. In the letter you indicated that the trust held a certificate of deposit for $27,000, that the trust had earned interest during the year 1977 in the amount of $1,241.97,

which was deposited in a savings account, and that the savings account balance was $4,241.97. Your letter stated that the trust had a total of $31,241.97 at the end of 1977. However, the bank statements for the Fisher Trust are completely inconsistent with your January 24, 1978, accounting. The bank records reflect that there were numerous deposits and withdrawals from the savings account throughout the reporting period of 1977.

On or about June 30, 1981, you provided a second accounting. Ms. Fisher denies having received this accounting until 1984. This second accounting listed total expenditures of $35,520.11, leaving a net amount in the trust of $88.51. The expenditures reflect a purchase in June 1978 of an eight-unit apartment house in Aurora, Colorado. One-half of the funds for the purchase came from the Fisher Trust, and one-half from a trust that you created for your mother-in-law, Mrs. Wynn. The building was a financial disaster and was sold by you on March 31, 1980, through a wrap-around mortgage agreement, in which you credited only three-eighths interest in the notes to the Fisher Trust. In June of 1983, Ms. Fisher demanded that the trust be terminated and the balance forwarded to her. In January of 1984, Ms. Fisher, through an attorney, made the same demand. The note was sold in November of 1984, and you submitted to her three-eighths of the proceeds from the sale of that note, or $20,625, with an endorsement releasing you from all liability. Had she received the proportionate share from the sale of the note to which she was entitled, she would have received an additional $4,587.50. Ms. Fisher refused to accept the check with the restrictive endorsement; following the filing of her request for investigation with the Grievance Committee, you issued a new check without the restrictive endorsement.

Your foregoing conduct violates C.R.C.P. 241.6 of the Colorado Supreme Court Rules concerning the discipline of attorneys and also violates the Code of Professional Responsibility, DR1–102(A)(1), DR9–102(B)(3), and DR9–102(B)(4). Your actions in handling your client's affairs in this matter are serious in nature. However, the court has taken into consideration your lack of a prior discipline record. Due to the lack of a history of prior discipline, we agree with the hearing panel's recommendation that public censure be issued against you, that you be ordered to pay restitution in the amount of $4,587.50 to Ms. Fisher on or before 180 days from the date of this censure, plus interest at a rate of eight percent per annum thereon, and that you pay the costs of these proceedings in the amount of $170.67 within thirty days of the date of this censure to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202.

DUBOFSKY, J., does not participate.